## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE, 840 FIRST STREET, NE SUITE 400 WASHINGTON, DC 20002, <br><br> Plaintiff <br><br> vs. <br><br><br> U.S. DEPARTMENT OF STATE 2201 C STREET, NW WASHINGTON, DC 20520, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. |

## COMPLAINT
### (Freedom of Information Act)

Plaintiff, the Brady Center to Prevent Gun Violence (the "Brady Center"),

brings this action against Defendant, the U.S. Department of State (the "State

Department"), to compel compliance with the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552.

As further alleged below, the Brady Center has filed a FOIA request to

obtain certain information from the State Department related to the agency's

troubling and potentially illegal settlement of a cause of action brought against it

by Defense Distributed, a company that desires to make available to the public

1

computer-aided design ("CAD") files that act as blueprints for the creation of guns and gun components for three-dimensional ("3D") printers. Despite prevailing at every stage of the litigation against Defense Distributed and raising significant national security concerns, the State Department suddenly capitulated from its long-held position that the publication of such files without agency approval would violate the International Traffic in Arms Regulation ("ITAR"), and executed a settlement agreement favorable to Defense Distributed in June 2018. Among other things, the settlement would allow Defense Distributed and others to make untraceable and undetectable guns widely available to anyone with access to a 3D printer, regardless of whether they are prohibited firearms purchasers, terrorists, or others with nefarious motives. Cody Wilson, a founder of Defense Distributed, has been publicly forthright about his intentions, stating, "I represent the destruction of commonsense gun control."

Within days of learning of the purported terms of the settlement between the State Department and Defense Distributed, the Brady Center filed a FOIA request seeking information regarding the settlement and the State Department's treatment of the related gun regulations. Subsequently, the Brady Center asserted a compelling need for the requested information and requested that its FOIA request be processed expeditiously pursuant to 5 U.S.C. § 552(a)(6)(E)(i)(II) and 22 C.F.R. § 171.11(f). Despite the clear statutory requirement that an agency respond within

20 days to a FOIA request with a determination as to whether it will comply with the request, the State Department has failed to do so.  The State Department also did not respond to the Brady Center's request to expedite its FOIA request within the ten days required by statute and the agency regulations.  Although the State Department ultimately granted the Brady Center's request to expedite, the agency has failed to process the FOIA request in a timely and expeditious manner as required under FOIA.  Indeed, nearly five months after receiving the Brady Center's FOIA request, the State Department has not produced a single responsive document. The Brady Center hereby seeks to compel the State Department to comply with its obligations under FOIA and the agency's implementing regulations and to promptly produce the information to which the Brady Center is entitled.

The Brady Center further alleges as follows:

## **PARTIES**

1.     The Brady Center is a 501(c)(3) non-profit corporation incorporated under the laws of the District of Columbia, and headquartered at 840 First Street NE, Suite 400, Washington, D.C. 20002.

2.     The State Department is an "agency" of the United States Government as defined under FOIA subsections 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1), and is therefore subject to the applicable time restrictions set forth in the statute for

responding to FOIA requests.  The State Department is headquartered at 2201 C

Street, NW, Washington, D.C. 20520.  Upon information and belief, the State

Department has possession, custody, and control of the documents that the Brady

Center seeks in response to its FOIA request.

## JURISDICTION & VENUE

3.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. §

1331 and 5 U.S.C. § 552(a)(4)(B).

4.    Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

A. The Brady Center's Mission

5.    The Brady Center is an independent, nonpartisan, non-profit

organization with a mission to promote a safer America by ending the country's

gun violence epidemic.  To achieve its goals, the Brady Center actively works to

keep guns out of the hands of criminals and other dangerous people.

6.    For more than 25 years, the Brady Center's legal team has taken on

the corporate gun lobby and worked in and out of the courts to obtain justice for

victims of gun violence, to reform dangerous industry practices, and to lead a new

national conversation about gun violence prevention. The Brady Center also works

with public officials to defend responsible gun laws that are under attack, and

challenges laws, regulations, and practices that make American communities less safe.

7.      In addition to its work in the courts, the Brady Center develops and implements extensive public health and safety programs designed to curb gun violence and change social norms surrounding guns, and publishes reports and disseminates information relevant to gun violence problems and solutions.

8.      An important part of achieving the Brady Center's mission of reducing gun deaths and injuries are government agencies that properly enforce state and federal gun laws to keep guns out of the hands of criminals and other dangerous people.

B. The Defense Distributed Lawsuit

9.      ITAR requires U.S. gun distributors to seek approval from the State Department before distributing guns or related technical data.  *See* 22 C.F.R. § 120.1; 22 C.F.R. § 12.10.  A purpose of ITAR is to "help ensure terrorist entities and state sponsors of terrorism do not gain access to exported U.S. defense articles and services."  Amendment to the International Traffic in Arms Regulations: Registration Fee Change, 69 Fed. Reg. 70888-01 (Dec. 8, 2004).  The State Department's enforcement of ITAR is a matter of national security and public safety.

10.     At the center of the Brady Center's FOIA request is the State Department's sudden and potentially unlawful capitulation to Defense Distributed in connection with a lawsuit filed by the company against the agency. The lawsuit arose after the State Department notified Defense Distributed that certain CAD files were potentially subject to ITAR. These CAD files act as blueprints for the creation of untraceable and undetectable guns and gun components for 3D printers.

11.     On May 8, 2013, the Directorate of Defense Trade Controls ("DDTC") advised Defense Distributed that its publication of CAD files without authorization from the DDTC potentially violated ITAR, specifically because the CAD files were being made available outside the United States.

12.     On May 6, 2015, Defense Distributed filed a lawsuit in the Western District of Texas seeking to enjoin the Department of State from enforcing ITAR as to both the CAD files and any other files that Defense Distributed may create in the future. *See Defense Distributed v. United States Dep't of State*, No. 15-cv-372 (W.D. Tex.). In opposing the lawsuit, the State Department cited potentially devastating national security implications, and asserted that it was "particularly concerned that [the] proposed export of undetectable firearms technology could be used in an assassination, for the manufacturing of spare parts by embargoed nations, terrorist groups, or to compromise aviation security overseas in a manner

specifically directed at U.S. persons."  Defendants' Opposition to Plaintiffs'
Motion for a Preliminary Injunction, filed June 10, 2015 (ECF No 32).

13.    Accepting the State Department's arguments, the court denied
Defense Distributed's motion for a preliminary injunction, finding that the public
interest in national defense and national security outweighed any countervailing
interests.  *See Defense Distributed v. United States Dep't of State*, 121 F.Supp.3d
680 (W.D. Tex. 2015).  The Fifth Circuit upheld the lower court's ruling, *Defense
Distributed v. United States Dep't of State*, 838 F.3d 451 (5th Cir. 2016), and the
Supreme Court then denied Defense Distributed's petition for a writ of certiorari.
*See Defense Distributed v. Dep't of State*, 138 S. Ct. 638 (2018).

14.    On March 16, 2018, after the Supreme Court denied certiorari,
Defense Distributed filed a Second Amended Complaint.  In the State
Department's April 6, 2018 Motion to Dismiss Defense Distributed's Second
Amended Complaint, it argued that its restrictions on Defense Distributed's CAD
files were narrowly tailored to meet the government's compelling interest in
preventing the circumvention of laws restricting the export of firearms, particularly
to hostile foreign state and non-state adversaries.  *See* ECF Nos. 77, 88 and 90.

15.    On April 30, 2018, less than one month after the State Department
again stressed to the court the critical national security reasons for prohibiting the
export of Defense Distributed's CAD files and while the State Department's

motion to dismiss remained pending, the parties informed the court that they had

reached a settlement agreement.  This settlement agreement was executed on June

29, 2018 and was made public on or about July 10, 2018.  Under the terms of the

settlement, the State Department capitulated entirely to Defense Distributed,

permitted Defense Distributed to publish blueprints of firearms and firearm

components to the Internet without government approval, and paid Defense

Distributed's attorney's fees.  Subsequently, Defense Distributed announced that it

would relaunch its repository of files on August 1, 2018.[1]

   C. The Brady Center's FOIA Request

   16.    The Supreme Court has stated that "the basic purpose of FOIA is to

ensure an informed citizenry, vital to functioning of a democratic society, needed

to check against corruption and to hold the governors accountable to the

governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

Additionally, the Court has stressed that "disclosure, not secrecy, is the dominant

objective of the Act."  *Department of Interior v. Klamath Water Users Protective*

*Ass'n*, 532 U.S. 1, 8 (2001) (quoting *Department of Air Force v. Rose*, 425 U.S.

352, 361 (1976)).  Put more directly, FOIA protects the right of all Americans "to

---

[1] States attorneys general from various states and the District of Columbia
subsequently filed suit to bar the settlement agreement from being implemented
and successfully obtained a temporary restraining order.  A preliminary injunction
was granted on August 27, 2018.  *State of Washington v. U.S. Dep't of State*, No.
18-cv-01115 (W.D. Wash.).

'know what their Government is up to.'" *Nat'l Archives & Records Admin. V. Favish*, 541 U.S. 157, 171-72 (2004) (quoting *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989)).

17.     Within days of learning of the purported and alarming terms of the settlement between the State Department and Defense Distributed, the Brady Center submitted a FOIA request on July 16, 2018 ("FOIA Request F-2018-05229") seeking copies of records relating to the settlement reached between the parties and any other related changes or proposed changes to ITAR.  A true and correct copy of FOIA Request F-2018-05229 is attached as <u>Exhibit A</u>.

18.     Under FOIA 5 U.S.C. §§ 552(a)(6)(A)(i), the State Department was required to respond to FOIA Request F-2018-05229 within 20 working days of receipt, by August 10, 2018.  It did not respond within this time frame.

19.     On August 16, 2018, after the date by which the State Department was required to respond to FOIA Request F-2018-05229, the Brady Center sent a letter to Secretary of State Mike Pompeo requesting Secretary Pompeo to instruct the State Department to comply with the Brady Center's outstanding FOIA request.  A true and correct copy of the Brady Center's letter to Secretary Pompeo is attached as <u>Exhibit B</u>.

20.     After the Brady Center submitted FOIA Request F-2018-05229, it followed up by telephone and email to the State Department.  On August 20th and

29th, 2018, the Brady Center left voicemails with the State Department that were

not returned.  On August 30, 2018, 20 days after the 20-day period for the State

Department to respond to FOIA Request F-2018-05229 had passed, the Brady

Center emailed the State Department's FOIA Public Liaison requesting immediate

compliance with FOIA Request F-2018-05229.  In response to this email, the

FOIA Public Liaison confirmed that FOIA Request F-2018-05229 had been

received and was logged into the State Department's system on July 17, 2018.  A

true and correct copy of the August 30, 2018 email exchange is attached as Exhibit

C.  The next day, the Brady Center received a letter from the State Department

Office of Information Programs and Services providing formal acknowledgement

of the receipt of FOIA Request F-2018-05229.  A true and correct copy of the

letter is attached as Exhibit D.

21.    The State Department subsequently advised the Brady Center that

there was a substantial backlog of FOIA requests submitted to the agency.  Via

email dated September 5, 2018, from a State Department FOIA Litigation and

Appeals Reviewer, the State Department provided proposed language for a more

"succinct version" of FOIA Request F-2018-05229 that would "serve to expedite

[the] request more rapidly."  A true and correct copy of the September 5, 2018

email is attached as Exhibit E.

22.     On September 12, 2018, at the behest of and in accordance with the

State Department's proposed language, the Brady Center submitted a revised FOIA

request, by letter addressed to the State Department FOIA Litigation and Appeals

Reviewer, that streamlined FOIA Request F-2018-05229 to a single request for

documents:

> …[A]ll documents, including emails and communications, relating to the
> terms of the settlement reached between the parties in *Defense Distributed v.*
> *United States Department of State*, including the preparatory work
> underlying the settlement, its details, and its terms of implementation, and
> documents with external consultants.

A true and correct copy of the amended FOIA Request F-2018-05229 is attached

as Exhibit F.

23.     Though the Brady Center had streamlined its FOIA request at the

direction of the State Department to ensure that it would be treated expeditiously,

the State Department did not notify the Brady Center of a determination whether to

comply with the FOIA request within the required 10-day period, as required by

5 U.S.C. §552(a)(6)(A)(i), nor did it produce any documents responsive to FOIA

Request F-2018-05229.

24.     Therefore, on October 3, 2018, the Brady Center submitted a formal

request to the State Department, again via letter to the State Department FOIA

Litigation and Appeals Reviewer, to expedite the processing of its FOIA request

(the "Request to Expedite") pursuant to 22 C.F.R. § 171.11(f) and 5 U.S.C. §

552(a)(6)(E)(i)(II).  As set forth in the Request to Expedite, the Brady Center

asserted a compelling need to obtain the documents to which it was entitled under

FOIA expeditiously on the grounds, *inter alia*, that the documents were necessary

to ensuring the physical safety of individuals residing in the United States and

abroad.  A true and correct copy of the Request to Expedite is attached as <u>Exhibit</u>

<u>G</u>.

  25.  After receiving the Request to Expedite, the State Department FOIA

Litigation and Appeals Reviewer requested that the Brady Center postpone

submitting the Request to Expedite through the FOIA website.  Regardless, the

State Department is required to respond to a request to expedite a FOIA request

within ten days of the request being submitted.  *See* 22 C.F.R. § 171.11(f)(4) and 5

U.S.C. § 552(a)(6)(E)(ii)(I).  The State Department did not do so.  On October 16,

2018, the FOIA Request Service Center notified the Brady Center that the Request

to Expedite had been forwarded to the Office of Information Programs and

Services' Requester Communications Branch for review and determination.  Then,

on October 23, 2018—20 days after the Request to Expedite was submitted—the

State Department notified the Brady Center that its Request to Expedite had been

granted and that its FOIA request would be handled "as quickly as possible."  The

State Department further thanked the Brady Center for working with the agency

"in narrowing the scope of [its original] request" and advised the Brady Center that

its revisions would "assist the Department of State…in processing [the] records."

A true and correct copy of the State Department's October 23, 2018 notification

letter is attached as Exhibit H.

26.     Following the State Department's approval of the Request to

Expedite, undersigned counsel for the Brady Center has had several informal

telephonic discussions with the State Department FOIA Litigation and Appeals

Reviewer regarding FOIA Request F-2018-05229.  However, the Reviewer has not

informed the Brady Center when a search for all applicable documents covered by

the FOIA request will be completed or when the State Department will produce the

documents to which the Brady Center is entitled under FOIA.

27.     On November 6, 2018, the Brady Center, through undersigned

counsel, sent an inquiry to the email address foiastatus@state.gov, as directed in

the October 23, 2018 notification letter, regarding the status of the processing of its

FOIA request.  To date, the Brady Center has received no response to its inquiry.

28.     In a final attempt to avoid litigation, on December 10, 2018, the

Brady Center, through undersigned counsel, sent a letter to Secretary Pompeo

requesting that the documents to which it is entitled under FOIA Request F-2018-

05229 be produced no later than January 14, 2019.  The Brady Center further

advised Secretary Pompeo that if it did not receive a response to its letter by

December 17, 2018 with the State Department's agreement to produce documents

in accordance with this timeframe, it would be left with no choice but to take legal action absent an acceptable explanation for further delay.  A copy of this letter was sent by email to the Director of the State Department's Office of Information Programs and Services, to the FOIA Litigation and Appeals Reviewer and to the FOIA Public Liaison.  To date, the Brady Center has received no response.  A true and correct copy of the Brady Center's December 10, 2018 letter is attached as Exhibit I.

29.     The State Department has yet to provide any formal notification to the Brady Center of its determination whether to comply with the FOIA request, nor has it produced any documents responsive to FOIA Request F-2018-05229.

## COUNT I – FAILURE TO COMPLY WITH FOIA

30.     The Brady Center incorporates each of the foregoing paragraphs of this Complaint.

31.     Pursuant to FOIA, 5 U.S.C. § 552(a), the Brady Center has a statutory right to access requested documents.

32.     The State Department has failed to properly respond to FOIA Request F-2018-05229 within the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(E)(ii)(I), and 552(a)(6)(E)(iii).

33.     The State Department has failed to properly respond to FOIA Request F-2018-05229 within the 20-day time period prescribed by FOIA 5 U.S.C. §§ 552(a)(6)(A)(i) and 22 C.F.R. § 171.11(g).

34.     The State Department has failed to properly respond to the Brady Center's October 3, 2018 Request to Expedite FOIA Request F-2018-05229 within ten days as prescribed by FOIA, 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 22 C.F.R. § 171.11(f)(4).

35.     The State Department has failed to process FOIA Request F-2018-05229 in an expeditious and timely manner, as required for approved expedited requests by FOIA, 5 U.S.C. § 552(a)(6)(E)(iii).

## PRAYER FOR RELIEF

WHEREFORE, the Brady Center respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.     Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to FOIA Request F-2018-05229;

b.     Order Defendant, by a date certain, to demonstrate that it has conducted an adequate search for any and all records responsive to FOIA Request F-2018-05229;

c.      Order Defendant, by a date certain, to produce to the Brady Center

any and all non-exempt records or portions of records responsive to FOIA Request

F-2018-05229, as well as a *Vaughn* index of any records or portions of records

withheld due to a claim of exemption;

d.      Enjoin Defendant from withholding the requested records;

e.      Award the Brady Center its costs and attorney's fees reasonably

incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.      Grant the Brady Center such other and further relief as the Court may

deem just and proper.

Date: December 19, 2018                              Respectfully submitted,


/s/ Ariel S. Glasner
Ariel S. Glasner (DC Bar # 991442)
Jon Waldron (DC Bar # 425539)
Blank Rome LLP
1825 Eye Street, NW
Washington, DC 20006-5403
AGlasner@Blankrome.com
202-772-5963

Jonathan E. Lowy (DC Bar # 418654)
Joshua Scharff (DC Bar # 999392)
Brady Center to Prevent Gun Violence
840 First Street NE Suite 400
Washington, DC 20002
jscharff@bradymail.org
(202) 370-8105
*Attorneys for Plaintiff*