UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　*Defendant*. | Civil Action No. 18-3007-JEB |

## JOINT STATUS REPORT

Plaintiff the Brady Center to Prevent Gun Violence (the "Brady Center") and Defendant the United States Department of State ("State") submit their respective positions in this joint status report to apprise the Court of the status of State's response to the Brady Center's Freedom of Information Act Request F-2018-05229 (the "Request") at issue in this litigation.

Pursuant to the Court's March 14, 2019 Order, State was required to make an initial document production of responsive, nonexempt information to the Brady Center no later than April 9, 2019. On that date, State submitted a one-page letter indicating that the "processing of records is ongoing and has, thus far, yielded 21 documents" responsive to the Request. State further noted that it had determined that "all 21 documents must be withheld in full" under "FOIA Exemption 5, 5 U.S.C. § 552(b)(5)." Because all of the documents that were fully processed were withheld in full, State did not produce copies of any documents to the Brady Center. State enclosed with the release determination letter a brief enumeration of the FOIA Exemptions.

In consideration of the types of documents requested here, State estimates that it can complete processing of this FOIA request by June 2020.

I.     **THE BRADY CENTER'S POSITION**

The Brady Center is entitled to expeditious processing of the Request and has a compelling need to obtain the documents requested. But, more than nine months after receiving the Request, State has not adequately complied with its obligations and has inexcusably delayed its response.

The Brady Center first submitted the Request on July 16, 2018. On September 12, 2018, at the behest of and in accordance with language proposed by State, the Brady Center revised and resubmitted the Request so that State could "expedite [the] request more rapidly." But, State did not subsequently produce any documents responsive to the Request. Therefore, on October 3, 2018, the Brady Center submitted a formal request to expedite the processing of the Request (the "Request to Expedite"), which State granted, on the grounds that the Brady Center had asserted a compelling need to obtain expeditiously the documents to which it was entitled under FOIA. Despite representing that it would process the Request "as quickly as possible," State again failed to produce any documents responsive to the Request, leading to the filing of the Brady Center's Complaint on December 19, 2018.

The Court's March 14 Order required State to make an initial production of documents by April 9, 2019. On that date, State submitted a letter to the Brady Center explaining that the initial production of 21 documents was being withheld in its entirety and that—notwithstanding the lengthy amount of time that has elapsed—the processing of records remains "ongoing." State did not satisfy its burden to demonstrate the applicability of FOIA exemptions by providing a *Vaughn* index and search declaration justifying its withholdings.

State's delays in complying with the FOIA Request and in meeting its burden to justify the application of FOIA exemptions has prevented the publication of information that—as State itself has acknowledged by granting the Request to Expedite—is necessary to ensuring the physical

safety of individuals residing in the United States and abroad.  This is unacceptable.[1]  Accordingly, we ask the Court to set a schedule to resolve this matter expeditiously and to facilitate the timely production of all remaining responsive records.

The Brady Center specifically requests that the Court order State to (a) complete all productions of documents responsive to the Request by June 1, 2019; (b) provide search declaration(s) and a *Vaughn* index for its entire FOIA response by June 1, 2019; and (c) submit a Joint Status Report in consultation with the Brady Center on May 15, 2019 and June 15, 2019, to apprise the Court of State's efforts to comply with its FOIA obligations.  In the event there remain disputes between the parties related to the Request after June 1, 2019, the parties will propose a schedule for dispositive briefing in their June 15, 2019 joint status report.

## II.     THE STATE DEPARTMENT'S POSITION

The State Department has completed its initial searches.   In addition, the Department conducted a manual relevancy review of these results.  This review involved processing the collected records to identify duplicative documents and the most clearly non-responsive documents.  The Department identified approximately 2,000 documents that were deemed non-responsive to Plaintiff's request or were duplicative of other responsive documents.  As a result, the Department has identified approximately 20,000 pages of potentially responsive records.

Simultaneously, the Department is beginning to process the documents identified as responsive for release to Plaintiff.  The Department made an initial release determination on April 9, 2019, withholding 20 documents (53 pages) in full.  The Department intends to make its next

---

[1] Despite counsel for the Brady Center seeking to confer with counsel for the State Department regarding this joint status report beginning more than ten days prior to the date of filing, the State Department did not notify the Brady Center of its position until late in the afternoon on the date the status report was due.  The State Department did not explain its lateness or why it had not previously disclosed its estimate that it will take another thirteen months—nearly two years from the date of the Brady Center's initial FOIA request—to complete the processing of these records.

production to Plaintiff on May 9, 2019, and will continue making rolling productions on the 9th of each month going forward.

Normally, the Department can only commit to a rate of 300 pages processed per month in new FOIA litigation cases. In consideration of the types of documents requested here, the State Department proposes that it can commit to maintaining an average processing rate of 1,500 pages per month. The State Department believes it can likely process much more than its usual 300 pages per month because Plaintiff's request involves documents that do not require extensive intra- or inter-agency clearances and that are mostly going to need to be withheld as attorney work product. The State Department proposes that the Parties advise the court in two months whether changes to the processing schedule are required.

Also, the State Department believes it is premature to provide a draft *Vaughn* index of its withholdings at this time because the preparation of a draft *Vaughn* index would detract from its production resources.

In light of the Parties' conflicting proposals regarding the processing rate and *Vaughn* Index obligations in this case, Defendant is willing to submit a declaration regarding its current processing capabilities if the Court so requires.

Respectfully submitted,

  /s/ Ariel S. Glasner
Ariel S. Glasner, D.C. Bar #991442
Jon Waldron, D.C. Bar #425539
Blank Rome LLP
1825 Eye Street, N.W.
Washington, District of Columbia 20006
Telephone: 202 772 5963
AGlasner@Blankrome.com

Jonathan E. Lowy, D.C. Bar #418654
Joshua Scharff, D.C. Bar #999392
Brady Center to Prevent Gun Violence
840 First Street, N.E., Suite 400
Washington, District of Columbia 20002
Telephone: 202 370 8105
jscharff@bradymail.org

*Counsel for Plaintiff*

Dated: April 23, 2019

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar # 991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

*Counsel for Defendant*