UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 18-3007 (JEB) |

**JOINT STATUS REPORT**

Defendant, the United States Department of State ("State"), and Plaintiff, the Brady Center to Prevent Gun Violence ("Brady"), each by its undersigned counsel, submit their respective positions in this joint status report pursuant to the Court's minute order dated July 6, 2020, to apprise the Court of the status of State's response to Brady's Freedom of Information Act Request F-2018-05229 (the "Request") at issue in this litigation.

On May 15, 2020, the Court vacated the briefing schedule to which the parties had already agreed after State discovered a "sizeable" collection of records that had been submitted to the agency's FOIA office as possibly responsive but that had not yet been processed for release. To keep the case moving forward, the parties agreed at the time that State would provide Brady with a *Vaughn* index of the documents that it had already withheld in full or redacted in part.

On July 6, 2020, the Court adopted the parties' July 2, 2020 Joint Status Report in which the parties indicated that they would continue conferring regarding State's claims of exemption on the draft *Vaughn* index that had been prepared based on the documents that had been reviewed by State to date and to file another status report on or before August 17, 2020. Since that time, State and Brady have continued to confer regarding the *Vaughn* index and related withholdings. The parties anticipate completing their discussions regarding this portion of the *Vaughn* index prior to the filing of their next status report.

## I.     BRADY'S POSITION

The fact remains that more than three months after discovering them, a sizeable number of documents have not begun to be processed by State. Until State completes processing the documents and the accompanying *Vaughn* index, this matter will not be ripe for summary judgment. State however has been unable to represent to Brady when it expects to be able to even begin its review. Given the duration of this case, the compelling need for the documents requested by Brady, the ability of State department employees to access the agency's facilities, and that the current pandemic does not excuse State's statutory obligations to complete its review and processing of documents in response to the FOIA request, Brady respectfully requests that the Court order State to complete processing all of the documents in

2

relation to the Request and complete the associated *Vaughn* index no later than September 15, 2020.

This case is now over two years old. Brady submitted the Request on July 16, 2018. Over a year and half later, in February 2020, State informed Brady that it had completed its review of the documents in line with the schedule ordered by the Court. However, in May 2020, State informed Brady that it "discovered a sizeable collection of documents that has been submitted to the FOIA office as potentially responsive but not yet reviewed and processed for release" (State has not informed the Brady Center how many documents are in this new tranche). At the time, State further represented that it was unable to access these documents, which reside on a classified network, because State employees were restricted from working at agency offices owing to the COVID 19 pandemic. The parties therefore agreed that the case was not yet ripe for summary judgment briefing.

In the three months since, State remains unable to provide any indication whatsoever when it will be able to commence or complete its review of these remaining documents. This is unacceptable. While Brady acknowledges the impact of the COVID 19 pandemic, State has continued to function, and employees can work onsite when needed. For example, even prior to entering Phase 1 of its reopening plan, there were reports of State Department personnel

holding meetings onsite.[1]  News media has reported that State entered Phase 1 of its reopening plan on June 15, 2020, at which time the agency lifted its mandatory telework requirement and allowed up to 40 percent of personnel to be present onsite.[2]  State then moved to "Phase 2" of its reopening plan on July 31, 2020, pursuant to which up to 80 percent of department personnel may report to work.[3]  State's FOIA Office is apparently operating at "maximum telework" status.[4]  This should not however be used as an excuse to suspend FOIA requests indefinitely or preclude the office from performing its obligations, particularly where, as here, Brady has demonstrated a compelling need for the documents and State had represented that it had completed its processing of documents more than six months ago.[5]

---

[1] *See, e*.g., " Virtual D-ISIS Ministerial Meeting" *available at* https://www.flickr.com/photos/statephotos/49970050908/in/album-72157714554696963/.

[2] *See* "State Department Plots Reopening in 'Diplomacy Strong' Document" *available at* https://www.axios.com/pompeo-coronavirus-state-department-reopening-ec5dc86d-6393-4614-b05f-68d3b5f6ec10.html.

[3] *See* "State Dept. moves to phase two reopening in DC area amid workforce concerns" *available at* https://federalnewsnetwork.com/workforce/2020/07/state-dept-moves-to-phase-2-reopening-in-dc-area-amid-workforce-concerns/.

[4] *See* https://foia.state.gov/Request/CovidNotice.aspx.

[5] State indicates that it is directing "surplus capacity" to "(1) cases for which all processing of both classified and unclassified records is almost complete, and (2) cases involving requests for which the Department granted expedited processing."  State concedes that Brady's request falls into the second category, but it is unclear to Brady why it would not also meet the first criterion here.

4

State cannot delay any longer. For the foregoing reasons, Brady respectfully requests that the Court order State to complete its processing of the new tranche of responsive documents and complete its search declaration and *Vaughn* index by September 15, 2020. In the alternative, Brady requests that the Court order *in camera* review of these documents.[6]

## II.     THE STATE DEPARTMENT'S POSITION

State continues to follow Executive branch guidance and take necessary precautions to mitigate the threat of COVID-19 to the community. Since the last joint status report, State has taken further steps to resume FOIA processing within this framework. Namely, State entered Phase Two of its three-phase plan for the resumption of operations effective beginning July 27, 2020 (after having entered Phase One on June 15, 2020, as previously reported).

Under Phase Two, bureaus are no longer required to maximize telework, but are encouraged to continue maximizing telework and extending telework flexibilities. State's Office of Information Programs and Services ("IPS") is currently assessing Department guidance with respect to Phase Two and evaluating the potential increase in onsite FOIA processing resources. The Department's

---

[6] If the Court is not prepared at this stage to order State to complete its review as Brady has requested, Brady requests that the Court schedule a status conference to further hear from the parties on this issue and regarding the appropriate path forward.

5

phased return to normal operations has allowed a small number of FOIA staff to regain access to FREEDOMS 2, the document review platform used in this case that is available exclusively on a classified network. IPS has implemented a plan to maximize the impact of these limited resources across all of the Department's FREEDOMS 2 cases, but onsite FOIA processing is still seriously constrained and will likely remain that way until the Department returns to full operations.

Although a limited number of State FOIA personnel (approximately 20%) have returned to the office to perform on-site work on at least a part-time basis, State employees responsible for processing the documents at issue in this case are not performing on-site work. Because the processing platform for this case is housed on State's classified network that cannot be accessed remotely, these employees do not have access to the systems in which the documents remaining to be processed in this case will be processed, nor do they have access to certain documents to be included in the *Vaughn* index.

State will direct the limited onsite resources it has during Phase Two to maximize the impact across its FOIA litigation caseload. The FOIA personnel who have resumed some onsite work have been directed to work on the cases to which they were assigned before the pandemic, and to direct any surplus capacity, to the extent it exists, to (1) cases for which all processing of both classified and

6

unclassified records is almost complete, and (2) cases involving requests for which the Department granted expedited processing. This case falls into the latter category, but it is not apparent at this time when onsite personnel will have excess capacity.

For the foregoing reasons, State is not in a position to propose a date for the resumption of productions in this case or a date by which it will be prepared to complete the previously agreed upon *Vaughn* index. However, State is working to respond to Plaintiff's questions about the *Vaughn* index previously provided and to prepare an unsigned search declaration for Plaintiff's review. To the extent the requisite information is available on unclassified systems, State anticipates being able to provide Plaintiff responses to its questions and a draft search declaration in advance of the date proposed below for the parties' next joint status report.

State will keep Plaintiff and the Court apprised as its FOIA processing capabilities change. Accordingly, State proposes that the parties file another joint status report in 45 days, updating the Court regarding the status of State operations. If it would assist the Court, State is also prepared to submit a declaration further explaining its FOIA burden, the effects of the pandemic on State's FOIA processing, the steps State has taken to resume processing under these conditions, and the impact on this case.

7

Respectfully submitted,

By: /s/ Ariel Glasner
Ariel S. Glasner, D.C. Bar #991442
Jon Waldron, D.C. Bar #425539
Blank Rome LLP
1825 Eye Street, N.W.
Washington, District of Columbia 20006
Telephone: 202 772 5963
AGlasner@Blankrome.com

Jonathan E. Lowy, D.C. Bar #418654
Joshua Scharff, D.C. Bar #999392
Brady Center to Prevent Gun Violence
840 First Street, N.E., Suite 400
Washington, District of Columbia 20002
Telephone: 202 370 8105
jscharff@bradymail.org

*Counsel for Plaintiff*

Dated: August 17, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar # 991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

*Counsel for Defendants*