UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 18-3007 (JEB) |

## JOINT STATUS REPORT

Plaintiff, the Brady Center to Prevent Gun Violence ("Brady"), and Defendant, the United States Department of State ("Defendant" or "State"), each by its undersigned counsel, submit this joint status report pursuant to the Court's minute order dated December 15, 2025, to apprise the Court of the status of State's response to Brady's July 2018 Freedom of Information Act Request F-2018-05229 (the "Request") at issue in this litigation.

**Defendant's Position**

In an effort to resolve this case or narrow remaining issues, State has provided Brady with four *Vaughn* Indexes of 170 documents produced in this case and a draft search description. In May 2020, State provided Brady with an initial draft *Vaughn* Index of 78 documents. Brady reviewed State's May 2020 draft *Vaughn* Index and identified concerns with specific entries. In October 2020, State provided an updated draft *Vaughn* Index of the 78 documents to address Plaintiff's concerns as well as a draft search description.

In March 2022, State provided Brady with a draft Vaughn Index of 91 records produced in Supplemental Productions made in October 2020-August 2021.

In July 2022, State provided Brady with a draft supplemental *Vaughn* Index for 7 documents located on classified networks that State did not have access to while drafting of the May 2020 *Vaughn* Index due to COVID-19.

In response to Brady's concerns regarding certain withholdings, State made a supplemental release on January 16, 2025, re-releasing one document in part with additional information released and releasing one document in full which was previously released in part. At that time, State also inquired whether the matter could be dismissed or should instead proceed to summary judgment briefing. Brady reviewed State's January 15, 2025 response and State's January 16, 2025 release and did not agree to dismissal.

Plaintiff thereafter requested that the draft search declaration be re-sent, and Defendant provided this to Plaintiff on June 24, 2025.

In August 2025, Brady proposed narrowing the scope of its challenges of State's withholdings and did not raise concerns with State's search. However, an October 2025, Brady indicated that it was not satisfied with State's search based on the amount of material produced.

In an effort to narrow the scope of the dispute to be presented for decision on potential motions for summary judgment, State has asked Brady to identify specific document numbers and/or specific exemptions that it is challenging and/or specific concerns it has with State's search based on the draft search description previously provided

**Plaintiff's Position**

Plaintiff remains unsatisfied with Defendant's releases of documents responsive to Plaintiff's FOIA requests. Although State conducted a broad search and identified many responsive documents, almost all information—except the senders, recipients, and subject lines of some emails—was redacted and State asserted several FOIA exemptions to justify its withholding.

Plaintiff has made multiple overtures to Defendant in an attempt to narrow the issues and reduce the burden on the Parties and Court of bringing this case to a conclusion but has struggled to meaningfully narrow the scope of the dispute. That difficulty arises from, *inter alia*, the volume of documents identified by State as responsive to Plaintiff's FOIA requests, State's withholding of the vast majority of those documents in whole or in part, State's provision of only partial draft *Vaughn* Indices, the similarity of the descriptions provided in those draft *Vaughn* Indices to justify State's withholding, and a long delay while Plaintiff requested and waited for State to identify the attorney names allegedly supporting its Attorney Client Privilege and Work Product withholding.

Plaintiff remains confident that Defendant is over-withholding responsive documents based on alleged application of Attorney Client Privilege, Attorney Work Product, and Deliberative Process Privilege. Despite rejection of some of its prior proposals, Plaintiff further remains willing to work with Defendant to narrow the scope of their dispute to the extent possible before any necessary briefing. Plaintiff, however, is unable simply to identify a specific few documents to challenge at this time because its complaint is not that Defendant has withheld a few specific documents but instead that State has withheld or redacted nearly all responsive documents.

**Parties' Joint Request**

The Parties had a further substantive and productive meet and confer by teleconference on December 22, 2025 in an attempt to better understand each other's current positions and consider alternatives to break their impasse. The Parties have agreed to continue those discussions during the next month.

The Parties respectfully request that they be permitted to file a joint status report, on or before January 21, 2026, to update the Court on the status and further proceedings.

Respectfully submitted,

By:  /s/ *Kyle P. Brinkman*
Kyle P. Brinkman, Bar # 1003435
Blank Rome LLP
1825 I Street, N.W.
Washington, DC 20006
Telephone: 202 420 3171
kyle.brinkman@blankrome.com

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202 252 2510
thomas.duffey@usdoj.gov

*Counsel for the United States*

Dated:  December 22, 2025