UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>    *Defendant*. | Civil Action No. 18-3007 (JEB) |

## JOINT STATUS REPORT

Plaintiff, the Brady Center to Prevent Gun Violence ("Brady"), and Defendant, the United States Department of State ("State"), each by its undersigned counsel, submit this joint status report pursuant to the Court's minute order dated December 22, 2025, to apprise the Court of the status of State's response to Brady's July 2018 Freedom of Information Act Request F-2018-05229 (the "Request") at issue in this litigation.

**Defendant's Position**

In an effort to resolve this case, State has provided Brady with four *Vaughn* Indexes of 170 documents produced in this case and a draft search description. In May 2020, State provided Brady with an initial draft *Vaughn* Index of 78 documents. Brady reviewed State's May 2020 draft *Vaughn* Index and identified concerns with specific entries. In October 2020, State provided an updated draft *Vaughn* Index of the 78 documents to address Plaintiff's concerns and a draft search description.

In March 2022, State provided Brady with a draft Vaughn Index of 91 records produced in Supplemental Productions made in October 2020-August 2021.

In July 2022, State provided Brady with a draft supplemental *Vaughn* Index for 7 documents located on classified networks that State did not have access to while drafting of the May 2020 *Vaughn* Index due to COVID-19.

In response to Brady's concerns regarding certain withholdings, State made a supplemental release on January 16, 2025, re-releasing one document in part with additional information released and releasing one document in full which was previously released in part. At that time, State also inquired whether the matter could be dismissed or should instead proceed to summary judgment briefing. Brady reviewed State's January 15, 2025 response and State's January 16, 2025 release and did not agree to dismissal. Plaintiff thereafter requested that the draft search declaration be re-sent, and Defendant provided this to Plaintiff on June 24, 2025.

In August 2025, Brady proposed narrowing the scope of its challenges of State's withholdings and did not raise concerns with State's search. However, in October 2025 indicated that it was still not satisfied with State's search based on the amount of material produced.

In an effort to narrow the scope of the dispute to be presented for decision on potential motions for summary judgment, the parties met and conferred to narrow the dispute to Exemption 5 redactions on documents indicating the rationale for State's decision to settle *Defense Distributed v. United States Department of State.*

In order to identify which records discussed the rationale for the settlement in *Defense Distributed v. United States Department of State,* State would need to review each of the over 3,000 documents (not pages) produced in this case one-by-one, which would be an enormously burdensome task. Instead, State has proposed that it provide a *Vaughn* index of a sample of ten such records which are representative of the types of records produced that indicated the rationale which is sought by Plaintiff. The parties are conferring regarding this proposal.

**Plaintiff's Position**

Plaintiff remains committed to reaching a resolution with State without further judicial intervention or at minimum narrowing the scope of dispute to be presented to the Court. Plaintiff has not agreed to State's most recent proposal described herein but is evaluating it and considering potential modifications that might be acceptable permit the parties to move forward, which might include, for example, a moderately increased sample of records selected by State and/or additional sample records selected by Plaintiff from the draft *Vaughn* Indices previously provided. Plaintiff expects to be able to continue discussions with State in the next several weeks.

The Parties respectfully request that they be permitted to file a joint status report, on or before February 23, 2026, to update the Court on the status and further proceedings.

Respectfully submitted,

| | |
|---|---|
| By: /s/ *Kyle P. Brinkman* <br> Kyle P. Brinkman, Bar # 1003435 <br> Blank Rome LLP <br> 1825 I Street, N.W. <br> Washington, DC 20006 <br> Telephone: 202 420 3171 <br> kyle.brinkman@blankrome.com <br><br> *Counsel for Plaintiff* | JEANINE FERRIS PIRRO <br> United States Attorney <br><br> By: /s/ *Thomas W. Duffey* <br> THOMAS W. DUFFEY <br> Assistant United States Attorney <br> 601 D Street, N.W. <br> Washington, D.C. 20530 <br> Telephone: 202 252 2510 <br> thomas.duffey@usdoj.gov <br><br> *Counsel for the United States* |

Dated: January 21, 2026

2