UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BRADY CENTER TO PREVENT GUN
VIOLENCE,

*Plaintiff*,

v.                                                    Civil Action No. 18-3007 (JEB)

UNITED STATES DEPARTMENTOF
STATE,

*Defendant*.

## JOINT STATUS REPORT

Plaintiff, the Brady Center to Prevent Gun Violence ("Brady"), and Defendant, the United States Department of State ("State"), each by its undersigned counsel, submit this joint status report pursuant to the Court's minute order dated February 24, 2026, to apprise the Court of the status of State's response to Brady's July 2018 Freedom of Information Act Request F-2018-05229 (the "Request") at issue in this litigation.

**Defendant's Position**

In an effort to resolve this case, State has provided Brady with four *Vaughn* Indexes of 170 documents produced in this case and a draft search description. In May 2020, State provided Brady with an initial draft *Vaughn* Index of 78 documents.  Brady reviewed State's May 2020 draft *Vaughn* Index and identified concerns with specific entries. In October 2020, State provided an updated draft *Vaughn* Index of the 78 documents to address Plaintiff's concerns and a draft search description.

In March 2022, State provided Brady with a draft Vaughn Index of 91 records produced in Supplemental Productions made in October 2020-August 2021.

In July 2022, State provided Brady with a draft supplemental *Vaughn* Index for 7 documents located on classified networks that State did not have access to while drafting of the May 2020 *Vaughn* Index due to COVID-19.

In response to Brady's concerns regarding certain withholdings, State made a supplemental release on January 16, 2025, re-releasing one document in part with additional information released and releasing one document in full which was previously released in part. At that time, State also inquired whether the matter could be dismissed or should instead proceed to summary judgment briefing. Brady reviewed State's January 15, 2025 response and State's January 16, 2025 release and did not agree to dismissal. Plaintiff thereafter requested that the draft search declaration be re-sent, and Defendant provided this to Plaintiff on June 24, 2025.

In August 2025, Brady proposed narrowing the scope of its challenges of State's withholdings and did not raise concerns with State's search. However, in October 2025 indicated that it was still not satisfied with State's search based on the amount of material produced.

In an effort to narrow the scope of the dispute to be presented for decision on potential motions for summary judgment, the parties met and conferred to narrow the dispute to Exemption 5 redactions on documents indicating the rationale for State's decision to settle *Defense Distributed v. United States Department of State.*

In order to identify which records discussed the rationale for the settlement in *Defense Distributed v. United States Department of State,* State would need to review each of the over 3,000 documents (not pages) produced in this case one-by-one, which would be an enormously burdensome task. Instead, State has proposed that it provide a *Vaughn* index of a sample of ten such records which are representative of the types of records produced that indicated the rationale which is sought by Plaintiff.

Defendant does not accept Plaintiff's proposal identified below for several reasons. First, the Parties' original agreement was for the Defendant to provide a *Vaughn* index of 50 records, which was done. Plaintiff's present request that Defendant provide a *Vaughn* index for 50 additional records would increase the total number of records for which the Department has provided a *Vaughn* index to over 200.  Second, Plaintiff's recent proposal includes records for which the Department has already provided a *Vaughn* index.  Defendant has already provided four *Vaughn* indices of 170 records at the request of Plaintiff and in an effort to compromise.  Defendant reiterates its offer to provide Plaintiff with an additional *Vaughn* index sample of ten records as described above.

Negotiations to resolve this case have been ongoing since Defendant completed the processing of responsive records in this case.  Plaintiff has not accepted Defendant's most recent offer to address Plaintiff's remaining challenge in a good faith effort to resolve this case. Defendant believes the parties are at an impasse, and proposes the following dispositive motion briefing schedule on the issue of Exemption 5 redactions on documents indicating the rationale for Defendant's decision to settle *Defense Distributed v. United States Department of State*, as noted above:

Defendant's motion for summary judgment due on or before June 26, 2026;

Plaintiff's opposition and cross-motion, if any, due on or before July 27, 2026;

Defendant's reply and opposition, if necessary, due on or before August 27, 2026;

and

Plaintiff's reply is due on or before September 25, 2026.

**Plaintiff's Position**

Plaintiff has sought to reach a resolution with State without further judicial intervention or, alternatively, to narrow the scope of dispute to be presented to the Court. In response to Plaintiff's requests, State proposed providing Plaintiff a supplemental *Vaughn* Index containing ten documents, not yet identified, and then limiting motion practice to those ten documents. Plaintiff did not agree, but proposed a compromise on February 18, 2026 that State's supplemental *Vaughn* index should include twenty documents and that Plaintiff would select up-to thirty additional records from the redacted productions and prior draft *Vaughn* Indices for further dispute, such that motion practice in this "3,000 documents" case might be limited to fifty documents or fewer. State rejected Plaintiff's compromise proposal on February 23rd, via its position statement in the last Joint Status Report, without prior communication of that rejection to Plaintiff. Although Plaintiff was reviewing State's positions and the productions to date to determine whether a different compromise proposal may be viable, State now has declared an impasse and sought a summary judgment briefing schedule via its position statement in this Joint Status Report, without prior communication of that decision or proposed briefing schedule to Plaintiff.

In light of State's position and its own desire to obtain a resolution, Plaintiff is amenable to entry of the proposed summary judgment briefing schedule but will continue to explore whether the issues may be narrowed before the Court is asked to decide the parties' dispute.  Plaintiff therefore joins in State's request for entry of the proposed summary judgment briefing schedule.

* * *

Respectfully submitted,


By:  /s/ *Kyle P. Brinkman*
Kyle P. Brinkman, Bar # 1003435
Blank Rome LLP
1825 I Street, N.W.
Washington, DC 20006
Telephone: 202 420 3171
kyle.brinkman@blankrome.com


*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D  Street,  N.W.
Washington, D.C. 20530
Telephone: 202 252 2510
thomas.duffey@usdoj.gov

*Counsel for the United States*


Dated:  March 25, 2026

2